[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11309
Non-Argument Calendar
_____

D. C. Docket No. 06-00083-CV-6

MARQUIS B. WEST,

Plaintiff-Appellant,

versus

BRYAN HIGGINS,
JENNIFER ZAK,
TAMARA BENNETT,
KIMBERLY BRAUDA,
VIRGINIA SCOTT,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 21, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Marquis B. West, an inmate at the Georgia State Prison ("GSP") proceeding pro se, appeals the grant of a motion to dismiss as to Defendant Higgins and summary judgment as to the other appellees, in his 42 U.S.C. § 1983 civil rights case. West argues that the court erred in finding that he had not exhausted his administrative remedies as to his claim that Higgins retaliated against him. Additionally, West argues that the evidence showed that the defendants violated his due process rights and were deliberately indifferent to his mental health needs when they downgraded his mental health status and placed him in the general population where he harmed himself.[1]

## DISCUSSION

### A. Higgins' Motion to Dismiss

We review de novo a district court's dismissal of a § 1983 action for failure to exhaust available administrative remedies. Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005). When considering whether to dismiss a § 1983 complaint, all facts set forth in the complaint are to be accepted as true and

---

[1] Because West does not argue, on appeal, that the defendants motions for summary judgment should not have been ruled on due to insufficient discovery, under Fed. R. Civ. P. 56(f), any claim in this respect is waived. Cont'l Technical Servs., Inc. v. Rockwell Int'l Corp., 927 F.2d 1198, 1199 (11th Cir. 1991) (holding that "[a]n argument not made is waived").

2

consideration is limited to the pleadings and exhibits attached to it.  Thaeter v.

Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall

be brought with respect to prison conditions under section 1983 . . . by a prisoner .

. . until such administrative remedies as are available are exhausted."  42 U.S.C.

§ 1997e(a).  This mandatory exhaustion requirement applies to all inmate suits

about prison life.  Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002).

Furthermore, the PLRA "requires proper exhaustion."  Woodford v. Ngo, 548 U.S.

81, 92, 126 S. Ct. 2378, 2387 (2006).  An inmate must use all steps in the

administrative process and comply with any administrative "deadlines and other

critical procedural rules" before exhaustion is proper.  Id. at 89, 126 S. Ct. at

2385-86 (internal quotation omitted).  Thus, if an inmate has filed an "untimely or

otherwise procedurally defective administrative grievance or appeal," he has not

properly exhausted his administrative remedies.  Id. at 83-84, 126 S. Ct. at 2382.

According to the grievance procedure in place at the Georgia State Prison,

inmates are required to file an informal grievance to attempt a resolution.  See

Turner v. Burnside, 541 F.3d 1077, 1080 (11th Cir. 2008).  If the inmate is

unsatisfied with this result, he may file a formal grievance.  Id. at 1081.  If the

formal grievance is denied, the inmate may appeal to the final step, a review by the

3

Commissioner's office.  Id.

Here, the record reveals that West did not file an informal or formal grievance regarding retaliation by Higgins prior to filing his current lawsuit. Therefore, West failed to exhaust his administrative remedies, and the court did not err in dismissing his complaint as to Higgins.

B.    The District Court's Grant of Summary Judgment

We review the district court's grant of summary judgment de novo, applying the same legal standards as the district court.  Sierra Club, Inc. v. Leavitt, 488 F.3d 904, 911 (11th Cir. 2007).  "Summary judgment is proper if, when viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  Id.  Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553 (1986).

The non-moving party "[m]ay not rely merely on allegations or denials in its own pleading; rather, its response . . .  must set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  "A mere 'scintilla' of evidence

4

supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986)). Conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment motion. See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). Unsworn statements, even from pro se parties, should not be "consider[ed] in determining the propriety of summary judgment." Gordon v. Watson, 622 F.2d 120, 123 (5th Cir.1980). Federal law does provide an alternative to making a sworn statement, but requires that the statement include a handwritten averment, signed and dated, that the statement is true under the penalties of perjury. 28 U.S.C. § 1746.

To succeed on a § 1983 action, a plaintiff must show that he was deprived of a federal right acting under color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v.

5

Haymes, 427 U.S. 236, 242, 96 S. Ct. 2543, 2547 (1976). This is because the Due Process Clause, standing alone, confers no liberty interest in freedom from state action taken "'within the sentence imposed.'" Hewitt v. Helms, 459 U.S. 460, 468, 103 S. Ct. 864, 869 (1983).

While states may, under certain circumstances, create liberty interests which are protected by the Due Process Clause, these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 483-84, 115 S. Ct. 2293, 2300 (1995); Kirby v. Siegelman, 195 F.3d 1285, 1290-91 (11th Cir. 1999). An inmate has no liberty interest in a particular classification, prison assignment, or transfer even if the inmate loses access to rehabilitative programs and experiences more burdensome conditions than before. McKune v. Lile, 536 U.S. 24, 39-40, 122 S. Ct. 2017, 2027-28 (2002) (rejecting a challenge by the inmate to expected demotion in custodial status classification). Other examples of prison decisions not giving rise to liberty interests include transfers to other prisons and visitation. See Olim v. Wakinekona, 461 U.S. 238, 103 S. Ct. 1741 (1983) (interstate transfers); Ky. Dep't of Corr. v. Thompson, 490

6

U.S. 454, 109 S. Ct. 1904 (1989) (visitation).

The Eighth Amendment, applicable to the states through the Fourteenth Amendment, governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003). Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. Id. at 1243. "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." Id. First, a plaintiff must demonstrate an objectively serious medical need that has been "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," and that, "if left unattended, poses a substantial risk of serious harm." Id. (internal quotation and brackets omitted). Second, a plaintiff must show that the prison official acted with an attitude of deliberate indifference to that serious medical need. Id. "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

Deliberate indifference requires that the response made by prison officials to the serious medical need "was poor enough to constitute an unnecessary and

wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal quotation omitted).

Where an inmate receives adequate medical care, but desires different modes of treatment, the care provided does not amount to deliberate indifference. See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985). A simple difference in medical opinion between the medical staff and an inmate as to the latter's diagnosis or course of treatment does not establish deliberate indifference. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Furthermore, "whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (internal quotation omitted). However, even when medical care is provided, the following conduct may be actionable as deliberate indifference: (1) grossly inadequate care; (2) a decision to take an "easier but less efficacious course of treatment;" (3) medical care that is "so cursory as to amount to no treatment at all;" and (4) a delay in treatment. McElligott, 182 F.3d at 1255; see also, Brown v. Johnson, 387 F.3d

8

1344, 1351 (11th Cir. 2004).

West did not have an established liberty interest in his mental health classification; therefore, the district court's conclusion that the defendants did not violate his due process rights by downgrading his mental health status was correct. Furthermore, West did not present evidence creating a question of fact as to whether the defendants were deliberately indifferent to his serious medical needs, as the judgement, procedures, and care they provided were not in disregard of West's mental health needs or grossly inadequate. Much of West's "evidence" to the contrary consisted of affidavits not made under penalty of perjury, but, regardless, West did not provide sufficient evidence to establish that the defendants were deliberately indifferent to his mental health needs.[2] West's claims rest on a difference of opinion regarding the care that he needed and received, and the evidence does not establish deliberate indifference to a serious medical need.

The district court did not err in dismissing the complaint against Higgins or granting summary judgment in favor of the remaining defendants. Based on the foregoing, we affirm.

---

[2] West's claim that the defendants violated a medical profile was not properly raised before the district court. See Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1314-15 (11th Cir. 2004) (holding that, even under the liberal pleading standard, a plaintiff must amend a complaint once discovery commences and may not amend through argument in a brief opposing summary judgment). Regardless, even if it had been properly raised, it fails for the reasons herein.

AFFIRMED.[3]

---

     All pending motions are denied. For example, West's motion for a temporary restraining order and order to show cause for a preliminary injunction is denied. West's motion to file a supplemental brief is denied. West's request for oral argument is denied.