United States Court of Appeals,

Eleventh Circuit.

No. 94-4948.

UNITED STATES of America, Plaintiff-Appellee,

v.

Willie James WATKINS, Defendant-Appellant.

Aug. 27, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 92-288-CR-SJM), Stanley J. Marcus, Judge.

Before TJOFLAT and EDMONDSON, Circuit Judges, and O'NEILL[*], Senior District Judge.

PER CURIAM:

Willie Watkins appeals the denial of his motion under Fed.R.Crim.P. 41(e) for return of property ($2,471.91) seized by federal officers at the time of his arrest on drug charges. The money was not used as evidence at Watkins's criminal trial, in which he was convicted. In the Rule 41(e) proceedings, the government represented to the district court that the money had been administratively forfeited by the Drug Enforcement Administration.

When property is retained pursuant to civil forfeiture, instead of for use as evidence, a Rule 41(e) motion is not available. *United States v. Castro,* 883 F.2d 1018, 1019 (11th Cir.1989). When the government, in its written response to a Rule 41(e) motion, admits its position is that, by forfeiture, the movant has already permanently lost his right to the pertinent property, the government's judicial admission is enough to deprive the court of the authority to grant the Rule 41(e) motion. Put differently, when the government says in court that the property (at least, where it is money—a fungible item[**]) has been, in fact, forfeited to it (that is, has been taken *in fact*), the issue for adjudication then becomes whether the government has acted wrongfully in taking the

---

[*]Honorable Thomas N. O'Neill, Jr., Senior U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

[**]We do not address cases in which the property taken by the government is something other than money, but we do not mean to hint that the law would necessarily be different if some other kind of property were involved.

property.  We do not understand Watkins to have argued to the district court or to us that his money had not, in fact, been taken, but understand him to say it was taken without due process.

Equitable relief beyond Rule 41(e), *if* it was asked for in district court, was unavailable. Equitable jurisdiction to review a forfeiture is extremely limited and does not lie where the claimant has an adequate remedy at law.  *See, e.g., In re $67,470.00,* 901 F.2d 1540, 1544-45 (11th Cir.1990). Watkins could seek money damages through a lawsuit—see 28 U.S.C. § 1346(a)(2) (the Tucker Act)—against the United States if the government has wrongfully converted his property;  for example, if appropriate administrative procedures were not followed.  The dismissal of the Rule 41(e) motion, in itself, does not adjudicate the lawfulness of the forfeiture.

The district court's denial of Mr. Watkins's motion is affirmed.

AFFIRMED.