[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 27, 2006
THOMAS K. KAHN
CLERK

No. 05-15297
Non-Argument Calendar

_____

D. C. Docket No. 03-00529-CR-UWC-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY LINDSAY ARTIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 27, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Jerry Lindsay Artis, a federal prisoner proceeding <u>pro se</u>, appeals the district

court's denial of his motion for the return of property under Fed. R. Crim. P. 41(g). The district court denied the motion because it was untimely filed. We review questions of law dealing with a district court's dismissal of a motion for return of property de novo. United States v. Howell, 425 F.3d 971, 973 (11th Cir. 2005). We review the district court's factual findings for clear error. Id.

## I.

In his June 26, 2003 motion, Artis sought the return of approximately $10,000 taken from his Birmingham, Alabama residence and a 1989 Ford Mustang GT, both seized on May 25, 1994.[1] In response, the government stated that the Drug Enforcement Agency (DEA) had administratively forfeited the cash on August 19, 1994 and the vehicle on September 23, 1994. The government also stated that notice had been published weekly for three weeks in USA Today and

---

[1] Artis also sought the return of firearms, photographs, and a 1993 Nissan 300ZX and requested that the government pay him for the value of three parcels of real property also allegedly seized. The government responded that the State of Alabama had seized the firearms and photographs, that the Nissan 300ZX had been released to a lien holder, and that there was no evidence that any real property had been seized. On appeal, Artis does not address the denial of his motion regarding those pieces of property. Accordingly, he has waived any claims he may have had regarding them. Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1308 n.43 (11th Cir. 1998) ("Claims not presented to the court of appeals are considered waived."); Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) ("Because of the absence of argument, the issues . . . have been abandoned and will not be considered in this appeal."); Cont'l Technical Servs., Inc. v. Rockwell Int'l Corp., 927 F.2d 1198, 1199 (11th Cir. 1991) ("An argument not made is waived."); Harris v. Plastics Mfg. Co., 617 F.2d 438, 440 (5th Cir. 1980) (holding that because the appellants failed to discuss an issue, "[a]ny contention that the trial court erred [on that issue] is therefore abandoned").

2

that notice had been sent by certified mail both to Artis at state jail where he was incarcerated and to his Birmingham residence.

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). We have held, however, that "[w]hen property is retained pursuant to civil forfeiture, instead of for use as evidence, a [Rule 41(g)][2] motion is not available." United States v. Watkins, 120 F.3d 254, 255 (11th Cir. 1997); accord United States v. Eubanks, 169 F.3d 672, 674 (11th Cir. 1999) ("A [Rule 41(g)] motion is unavailable . . . when property is retained pursuant to civil forfeiture instead of for use as evidence."); United States v. Castro, 883 F.2d 1018, 1020 (11th Cir. 1989) ("Defendant cannot use the criminal procedure device of [Rule 41(g)] to seek relief from a civil forfeiture proceeding."). "When the government, in its written response to a [Rule 41(g)] motion, admits its position is that, by forfeiture, the movant has already permanently lost his right to the pertinent property, the government's judicial admission is enough to deprive the court of the authority to grant the [Rule 41(g)] motion." Watkins, 120 F.3d at 255.

That is exactly what happened in this case. Accordingly, the district court correctly denied Artis' motion for the return of property insofar as it sought relief

---

[2] Watkins refers to Fed. R. Crim. P. 41(e), which previously contained what is now Rule 41(g). See Howell, 425 F.3d at 976 n.3.

3

under Rule 41(g).

## II.

Where property has been forfeited to the government and therefore Rule 41(g) is not available, a federal court has discretion to exercise equitable jurisdiction over the agency forfeiture decision "when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice." Eubanks, 169 F.3d at 674; see also In re $67,470.00, 901 F.2d 1540, 1545 (11th Cir. 1990). In that instance, a court may exercise jurisdiction over " the issue . . . [of] whether the government has acted wrongfully in taking the property." Watkins, 120 F.3d at 255–256. The government's taking of property without due process is wrongful, see id. at 256, and that is what Artis alleges occurred in this case. Artis argued in his motion for summary judgment before the district court that the government's attempts at notice were constitutionally deficient, and therefore he was deprived of due process.

In his report and recommendation, the magistrate judge determined that even if a fact issue existed regarding the adequacy of the notice to Artis, his motion was untimely. The magistrate judge sua sponte applied the six-year statute of limitations contained in 28 U.S.C. § 2401(a),[3] which provides that "every civil

_____

[3] The court considered but did not apply the five-year limitations period prescribed by 18 U.S.C. § 983(e)(3), which applies to motions to set aside forfeiture brought under 18 U.S.C. §

action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  The magistrate judge found that Artis' cause of action accrued on July 27, 1994, the date of the final publication of notice in USA Today.  Because Artis did not file his motion for the return of property until nearly nine years later, the magistrate judge concluded that Artis' motion for return of property was time-barred by § 2401(a).  Accordingly, the magistrate judge recommended denial of Artis' motion for summary judgment on his claim for return of property.  The district court adopted the magistrate judge's report and recommendation on July 19, 2005.

On appeal, Artis contends that the district court erred in finding that his cause of action accrued on the date of final publication of notice for purposes of applying the § 2401(a) statute of limitations because the government failed to provide evidence that the July 27, 1994 edition of USA Today was available to him in jail.  Artis also argues that there is no evidence that he was ever aware of, or that he should have known of, the administrative declarations of forfeiture of the cash and the Mustang GT.  He urges us to remand his case for the district court to determine when, if ever, Artis should have known of the forfeitures.

983(e)(1), because the forfeiture in this case occurred prior to the effective date of § 983.  See Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, § 21, 114 Stat. 202, 225 (2000).  Because application of either statute of limitations would bar this case, we express no opinion on that holding.

5

A statute of limitations requiring that a suit against the government be brought within a certain period of time is a term of the United States' waiver of sovereign immunity. Compagnoni v. United States, 173 F.3d 1369, 1370 n.3 (11th Cir. 1999) ("[I]f a statute authorizing suits against the United States limits the time period in which such suits may be brought, the United States retains its sovereign immunity as to any suits brought outside of that time period."); Mut. Assurance, Inc. v. United States, 56 F.3d 1353, 1355 (11th Cir. 1995); Vintilla v. United States, 931 F.2d 1444, 1446 (11th Cir. 1991). "A court does not have subject matter jurisdiction over a suit against the United States that is barred by the statute of limitations." Compagnoni, 173 F.3d at 1370 n.3. Accordingly, if Artis' cause of action (insofar as it seeks equitable relief from the DEA's forfeiture of his property) accrued more than six years before he filed his motion on June 26, 2003, then we must affirm the district court's denial of his motion on the basis that the court lacked jurisdiction to entertain it.

Although no published opinion of this Court addresses this issue, two of our sister circuits have addressed it. In Polanco v. DEA, the Second Circuit held that a defendant's claim for inadequate notice of a civil forfeiture proceeding initiated by the government would accrue under § 2401(a) at the earlier of (1) the close of forfeiture proceedings or (2) if no forfeiture proceedings had begun, when the five-

year statute of limitations for the government to initiate forfeiture proceedings had run. 158 F.3d 647, 654 (2d Cir. 1998). In United States v. Minor, the Fourth Circuit held that a defendant's claim accrued at the earlier of (1) when he first became aware of the forfeiture or (2) when he reasonably could have been expected to make an inquiry that would have made him aware of the forfeiture. 228 F.3d 352, 359 (4th Cir. 2000).

We need not determine which of these rules is more sound in this case because the district court's denial of Artis' motion for untimeliness is due to be affirmed under either of them. Under the Polanco rule, Artis' cause of action accrued with respect to the cash and the vehicle at the time of the forfeitures in 1994 and the statute of limitations ran six years later in 2000, three years before he filed his motion. Under the Minor rule, we conclude that Artis, who was aware of the seizure of his property in May 1994, reasonably could have made an inquiry to determine whether his property had been forfeited more than six years before filing his motion in June 2003. In fact, there is evidence in the record that Artis did make such an inquiry: Artis filed with his initial motion two letters dated March 6, 1996 addressed to federal officials in Montgomery, Alabama in which he requested information on the whereabouts of his property. That evidence supports our conclusion that Artis was aware that the government had information regarding his

7

property and that he reasonably could have followed up on the matter or filed his motion soon afterwards. Because Artis failed to file his motion for return of property within six years of his cause of action accruing, the district court was without subject matter jurisdiction to grant him equitable relief from the forfeitures in this case.

**AFFIRMED.**