[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2010
JOHN LEY
CLERK

No. 10-10049
Non-Argument Calendar

_____

D.C. Docket No. 1:05-cr-20144-PCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISABEL GUERRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 10, 2010)

Before EDMONDSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Isabel Guerra appeals from the district court's order denying her motion to

correct her sentence pursuant to Fed.R.Crim.P. 35(a) and (36).  Guerra argues that

the court erred in denying her motion because her 70-month sentence, imposed on remand, is vindictive. She further argues that her sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment because it is disproportionate to the nature of her underlying crimes of health care fraud and money laundering. She also indicates that her sentence violated the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), but does not explain why or how this violation occurred. In her reply brief, Guerra argues that the district court had jurisdiction to reduce her sentence because we previously had "reversed" her sentence by holding that the district court erred in calculating her guideline range. She further contends that her motion under Rule 35(a) was timely, because she filed this motion several days after the court remanded her into custody to serve her sentence.

Guerra also argues that the district court's criminal forfeiture order violates the Eighth Amendment's prohibition on excessive fines, as the amount that she was ordered to forfeit was disproportionate to the gravity of her offenses. In her initial brief and in her reply brief, Guerra raises various arguments as to why the court had jurisdiction to vacate or modify its forfeiture order, and as to why we should consider her arguments regarding the forfeiture order on appeal.

For the reasons set forth below, we affirm in part, and dismiss in part.

**I.**

In June 2005, Guerra was convicted of the following offenses: (1) 1 count of conspiracy to defraud the United States, to commit health care fraud, and to pay kickbacks, in violation of 18 U.S.C. § 371 ("count 1"); (2) 15 counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2 (counts 2, 4, 6-7, 9-13, 15-20); (3) 1 count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) ("count 21"); and (4) 3 counts of money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 ("counts 24, 27-28"). The district court entered a preliminary order of forfeiture, directing that Guerra forfeit real and personal property to the United States, including a monetary sum of $9,405,114.90. The court subsequently entered a judgment sentencing Guerra to a total term of 99 months' imprisonment.

In May 2007, we entered an opinion vacating Guerra's convictions as to the health care fraud offenses charged in counts 2, 4, and 7. *See United States v. Medina*, 485 F.3d 1291, 1300 (11th Cir. 2007). In addition, we remanded for resentencing, as the district court had failed to make specific factual findings in support of its determination of the loss amount used to calculate Guerra's guideline range. *See id.* at 1303-05. Shortly after we entered our decision, Guerra was released from prison on bond.

On remand, the court calculated Guerra's guideline range based on the money laundering guidelines set forth in U.S.S.G. § 2S1.1. Applying these guidelines, the court found that Guerra's base offense level was 6, and that this offense level should be increased by 14 levels pursuant to § 2S1.2(a)(2), because Guerra was responsible for more than $400,000 in laundered funds. After applying additional increases and adjustments, the court determined that Guerra's total offense level was 26, which, when combined with her criminal history category of I, produced a guideline range of 63 to 70 months' imprisonment.

In February 2008, the court entered an amended judgment, in which it adjudicated Guerra guilty as to counts 1, 6, 9-13, 15-21, 24, and 27-28. The court resentenced Guerra to a total term of 70 months' imprisonment. In addition, the court amended the preliminary order of forfeiture to specify that Guerra would forfeit a monetary sum of $7,641,968.98. The court further specified that, if the ordered forfeiture amount was later found to be incorrect, a maximum fine of $1,300,000.00 would be imposed.

Guerra again appealed from her convictions and sentences. *See United States v. Guerra*, 307 Fed.Appx. 283 (11th Cir. 2009). In January 2009, we entered an opinion in which we noted that, in calculating Guerra's guideline range, the district court incorrectly had applied the guidelines applicable to money

4

laundering offenses, under § 2S1.1, instead of the guidelines applicable to Guerra's underlying offenses of health care fraud, under § 2B1.1. *Id.* at 287. We explained that, because the court had erred in applying the money laundering guidelines, it had erred in increasing Guerra's offense level by 14 levels pursuant to § 2S1.1(a)(2). We further noted that, under the health care fraud guidelines, Guerra's correct total offense level was 12, with a resulting guideline range of 10 to 16 months' imprisonment. *Id.* Nevertheless, we held that the district court's error in calculating Guerra's guideline range was harmless, because: (1) the record showed that the court would have imposed the same sentence even if it had calculated Guerra's guideline range correctly, and (2) a 70-month sentence was reasonable in this case. *Id.* at 287-88. The mandate issued in April 2007. Guerra filed a petition for a writ of *certiorari* to the Supreme Court, and the Supreme Court denied *certiorari*. *See Guerra v. United States*, 558 U.S. ___, 130 S.Ct. 58, 175 L.Ed.2d 23 (2009).

After the Supreme Court denied *certiorari*, the government filed a motion to remand Guerra into custody. The court granted the government's motion, ordering that Guerra be remanded into custody to serve the remainder of her sentence. Several days after the court entered this order, Guerra, through counsel, filed a motion to correct her sentence, pursuant to Fed.R.Crim.P. 35(a) and 36. In her

5

motion, Guerra asserted that, in our January 2009 opinion, we "reversed" the 14-level increase to her offense level under § 2S1.1(a)(2), and held that her correct guideline range was 10 to 16 months' imprisonment. Guerra also asserted that her 70-month sentence constituted a 700% upward variance from her correct guideline range, and stated that, in the event that this variance "was the result of an arithmetical error," she requested that the court correct the error, as it resulted in an unreasonable sentence. In addition, Guerra asserted that the court had imposed a fine of $1,300,000, and stated that, if the $1,300,000 fine resulted from an arithmetical error, she requested that it be corrected.

On the following day, Guerra, again represented by counsel, filed a separate motion under Fed.R.Civ.P. 60(b), requesting that the court vacate the amended $7,641,968.98 forfeiture order. She argued that the amount was inequitable, and that the court had jurisdiction to modify or vacate its forfeiture order.

The government responded, arguing, among other things, that the court lacked jurisdiction to grant relief based on Guerra's motions under Fed.R.Crim.P. 35(a) and 36 and Fed.R.Civ.P. 60(b), because we had affirmed her convictions and sentence, and the doctrine of *res judicata* barred her attempt to relitigate sentencing issues. After the parties filed additional pleadings related to Guerra's motions under Fed.R.Civ.P. 35(a) and 36, and Fed.R.Civ.P. 60(b), the court held a

6

hearing to allow Guerra to clarify the grounds on which she sought post-judgment relief.

At the hearing, Guerra reasserted her argument that we reversed her 70-month sentence in our January 2009 opinion. The court stated that it believed that a 70-month sentence was appropriate, and that, even if it were to resentence Guerra based on a guideline range of 10 to 16 months' imprisonment, it again would impose a 70-month sentence. The court also found that, because we had affirmed Guerra's sentence, it lacked jurisdiction to modify the sentence. The court added that it found that the government's argument— that the doctrine of *res judicata* barred Guerra's attempt to relitigate sentencing issues— was persuasive. The court stated that it would deny "both motions" because it lacked jurisdiction to grant the relief that Guerra requested. During the hearing, the parties and the court did not specifically mention Guerra's motion to vacate or modify the forfeiture order under Fed.R.Civ.P. 60(b).

On December 17, 2009, the court entered an "Order Denying Defendant's Rules 35(a) and 36 Motion for Correction of Sentence." In its order, the court stated that it had reviewed Guerra's "motions" to correct her sentence under Rules 35(a) and 36, and specified the docket number for Guerra's motion under Rules 35(a) and 36. In its order, the court did not mention Guerra's separate motion

under Fed.R.Civ.P. 60(b), nor did it refer to the docket number for this motion. In her notice of appeal, Guerra stated that she appealed "from the district court order of December 17, 2009, denying [the] [d]efendant's Rules 35(a) and 36 Motion for [C]orrection of [S]entence and Rule 60(b) Motion for Relief [f]rom Forfeiture Judgement."

## II.

We review *de novo* the issue of whether a district court possesses jurisdiction to resentence a defendant. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002). We review a district court's application of the law-of-the-case doctrine *de novo*. *United States v. Bobo*, 419 F.3d 1264, 1267 (11th Cir. 2005).

Under the law-of-the-case doctrine, "an appellate decision binds all subsequent proceedings in the same case." *United States v. Amedeo*, 487 F.3d 823, 829-30 (11th Cir. 2007) (quotation omitted). "An appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal." *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996). Pursuant to the mandate rule, which is an application of the law-of-the-case doctrine, a district court may not vary an appellate court's mandate, nor may it "examine [the mandate] for any

8

other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." *Amedeo*, 487 F.3d at 830. (quotation omitted). There are three exceptions to the applicability of the law-of-the-case doctrine and the mandate rule: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior appellate decision was clearly erroneous and would work manifest injustice." *Id.* (quotation and alteration omitted).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Specifically, 18 U.S.C. § 3582(c) provides that a district court "may not modify a term of imprisonment once it has been imposed" unless one of the following situations applies: (1) the Director of the U.S. Bureau of Prisons moves to reduce the defendant's term of imprisonment; (2) a modification otherwise is expressly permitted by statute, or by Fed.R.Crim.P. 35; or (3) the defendant was sentenced based on a guideline range that subsequently was reduced by the U.S. Sentencing Commission, and a reduction is consistent with the Commission's policy statements. 18 U.S.C. § 3582(c); *Phillips*, 597 F.3d at

1195. "The unambiguous language of § 3582(c)(1)(B) indicates that, absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35." *Phillips*, 597 F.3d at 1195. Outside of the parameters set forth by federal sentencing statutes and the Federal Rules of Criminal Procedure, a district court may not invoke an "inherent power" to correct a sentence, even where the sentence is illegal. *Diaz-Clark*, 292 F.3d at 1315, 1319.

At the time that Guerra filed her motion under Rules 35(a) and 36, Rule 35(a) provided that, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a).[1] This seven-day time period is jurisdictional, and, as a result, a court's attempt to amend a sentence under Rule 35(a) after the prescribed time period is a "legal nullity." *Phillips*, 597 F.3d at 1196.

Rule 36 provides that, "after giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

---

[1] Effective December 1, 2009, Rule 35(a) provides that a court may correct a sentence within 14 days after sentencing. *See* Fed.R.Crim.P. 35(a) (2009). Guerra filed her motion under Rules 35(a) and 36 on November 28, 2009, a couple of days before the 2009 amendments to Rule 35(a) took effect. At the time that the court entered its order disposing of this motion, however, the 2009 amendments had taken effect. Nevertheless, even if the 2009 amendments applied in this case, Guerra filed her motion under Rules 35(a) and 36 more than a year after resentencing, well beyond the time period prescribed by either version of Rule 35(a).

Fed.R.Crim.P. 36.  "Rule 36 may not be used to make a substantive alteration to a criminal sentence."  *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).

Here, the district court correctly found that it lacked jurisdiction to grant relief based on Guerra's motion to correct her sentence under Fed.R.Crim.P. 35(a) and 36.  We affirmed Guerra's sentence in our January 2009 opinion, and the mandate did not provide the court with authority to modify Guerra's sentence.  *See Amedeo*, 487 F.3d at 830.  Guerra's contention that we reversed her sentence is erroneous, as we affirmed her sentence, expressly holding that the district court's error in calculating Guerra's guideline range was harmless, and that her 70-month sentence was reasonable.  *See Guerra*, 307 Fed.Appx. at 287-88.  Although Guerra argues that the criminal judgment in her case has resulted in manifest injustice, we implicitly rejected this argument by holding that her sentence was reasonable.  *See Tamayo*, 80 F.3d at 1520.  In her pleadings below and on appeal, Guerra has not identified intervening controlling authority or new evidence that would demonstrate that an exception to the law-of-the-case doctrine and the mandate rule applies, nor has she demonstrated that our January 2009 decision was "clearly erroneous" or may result in "manifest injustice."

Moreover, Guerra has failed to identify any applicable statute or rule that

11

provided the court with jurisdiction to modify her sentence. While Guerra relied on Fed.R.Crim.P. 35(a), this rule did not provide a jurisdictional basis for the court to reduce her sentence, because she filed her motion well over a year after her resentencing, and the court thus did not act within seven days of sentencing. *See Phillips*, 597 F.3d at 1196. Although Guerra contends that her motion was timely because she filed it several days after the court remanded her into custody, Rule 35(a) expressly provides that its limitations period is triggered by the date of sentencing, and Guerra does not cite to any authority in support of her argument that the date that a defendant is remanded into custody may serve as the triggering date. Rule 36 likewise did not provide a jurisdictional basis for the court to modify Guerra's sentence, as Guerra's request that the court reduce her 70-month sentence constituted a request to substantively alter the court's judgment. *See Portillo*, 363 F.3d at 1164. Finally, Guerra does not assert, nor does the record demonstrate, that any of the other bases for a sentence reduction set forth in 18 U.S.C. § 3582(c) are applicable in this case.

Because Guerra has failed to identify a jurisdictional basis that would have permitted the court to modify her sentence, we affirm as to this issue, and need not address Guerra's arguments that her sentence was vindictive, and that it violated the Eighth Amendment as well as the Supreme Court's decision in *Apprendi*.

12

**III.**

We are obligated to address questions concerning our jurisdiction *sua sponte*. *Thomas v. Blue Cross and Blue Shield Ass'n*, 594 F.3d 823, 828 (11th Cir. 2010). Our "jurisdiction is ordinarily limited to appeals from final decisions of the district courts." *Id.*; 28 U.S.C. § 1291. We have explained that:

> In postjudgment proceedings, the meaning of a "final decision" [may not be] clear because the proceedings necessarily follow a final judgment. Postjudgment decisions are themselves subject to the test of finality . . . [a] postjudgment order is final for purposes of section 1291 only if the order disposes of all issues raised in the motion.

*Id.* (quotations omitted). "If a post-judgment order is apparently the last order to be entered in the action, it is final and appealable." *Delaney's Inc. v. Ill. Union Ins. Co.*, 894 F.2d 1300, 1304 (11th Cir. 1990).

Although neither party contests our jurisdiction to consider Guerra's arguments regarding her motion under Fed.R.Civ.P. 60(b), we *sua sponte* consider this issue and dismiss this portion of Guerra's appeal. *See Thomas*, 594 F.3d at 828. Because the court did not enter an order disposing of Guerra's separate motion under Fed.R.Civ.P. 60(b), there is no final decision by the district court within the meaning of 28 U.S.C. § 1291. In denying Guerra's motion under Fed.R.Crim.P. 35(a) and 36, the court stated that it was denying Guerra's "motions," but expressly referred only to Guerra's motion under Rules 35(a) and

13

36, and did not mention the docket number for her motion under Rule 60(b).  As a result, the court's order denying Guerra's motion under Rules 35(a) and 36 cannot also be construed as a final order disposing of her Rule 60(b) motion.  Because the record does not include a final order disposing of Guerra's Rule 60(b) motion, we dismiss this issue for lack of jurisdiction.  *See* 28 U.S.C. § 1291.

**AFFIRMED IN PART; DISMISSED IN PART.**