[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2011
JOHN LEY
CLERK

_____

No. 10-14248
Non-Argument Calendar

_____

D.C. Docket No. 1:05-cr-20144-PCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISABEL GUERRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 6, 2011)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Isabel Guerra appeals the district court's order denying her Fed.R.Civ.P.

60(b) motion to alter or amend the order of forfeiture entered in her criminal case, 18 U.S.C. §§ 371, 1347, and 1956(a)(1)(B)(i) and (h).  On appeal, Guerra contends that the district court's order denying her Rule 60(b) motion is constitutionally defective because it requires her to pay an excessive fine, in violation of the Eighth Amendment.  She asserts that Rule 60(b) gave the district court the authority to modify the forfeiture order based on changed circumstances.  She also suggests that the district court could have treated the Rule 60(b) motion as a Fed.R.Crim.P. 41(g) motion for return of property or as a request for relief under the All Writs Act, 28 U.S.C. § 1651(a).  For the reasons stated below, we affirm.

I.

This is Guerra's fourth appeal to this Court.  In 2005, a jury convicted Guerra of: (1) 1 count of conspiracy to defraud the United States, commit health care fraud, and pay kickbacks, in violation of 18 U.S.C. § 371; (2) 15 counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2; (3) 1 count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and (4) 3 counts of money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2.  The jury also returned a special verdict of forfeiture.   The district court sentenced Guerra to a total term of 99 months' imprisonment.  The court also entered a preliminary order of forfeiture directing that Guerra forfeit certain real

2

and personal property to the United States, including a monetary sum of $9,405,114.90.

On direct appeal, we reversed Guerra's convictions for three counts of health care fraud, but affirmed her remaining convictions. *United States v. Medina*, 485 F.3d 1291, 1297-1302 (11th Cir. 2007). We vacated Guerra's sentences because the district court had not made specific findings to support its determination of the loss amount used to calculate Guerra's guideline range. *Id.* at 1303-05. On remand, the district court sentenced Guerra to a total term of 70 months' imprisonment. The district court also amended the preliminary order of forfeiture to specify that Guerra would forfeit a monetary sum of $7,641,968.98.

Guerra filed a second appeal, challenging both the amended order of forfeiture and her term of imprisonment. *See United States v. Guerra*, 307 Fed.Appx. 283, 284 (11th Cir. 2009) ("*Guerra II*"). We determined that the law of the case doctrine barred Guerra's challenge to the amended forfeiture order. *Id.* at 286-87. We explained that, because Guerra had not raised any arguments concerning the forfeiture order in her first appeal, she had waived the right to do so in a subsequent appeal. *Id.* Regarding Guerra's term of imprisonment, we concluded that the district court had incorrectly calculated her guideline range, but we held that the error was harmless. *Id.* at 287-88.

Following our decision in *Guerra II*, Guerra moved the district court to correct her sentences under Fed.R.Crim.P. 35(a) and 36. She also filed a Rule 60(b) motion to set aside the amended order of forfeiture. In her Rule 60(b) motion, she argued that the district court possessed authority to modify the forfeiture order based on changed circumstances. She argued that the forfeiture order violated the Eighth Amendment's prohibition on excessive fines. The district court denied Guerra's motions under Rules 35(a) and 36, but did not rule on Guerra's Rule 60(b) motion at that time.

Guerra appealed, and we affirmed the denial of her Rule 35(a) and Rule 36 motions. *United States v. Guerra*, 391 Fed.Appx. 812 (11th Cir. 2010) ("*Guerra III*"). We concluded that neither Rule 35(a) nor Rule 36 conferred jurisdiction on the district court to modify Guerra's sentences. *Id.* at 816-17. We determined that we lacked jurisdiction to consider Guerra's arguments concerning her Rule 60(b) motion because the district court had not yet entered a final order disposing of that motion. *Id.* at 817.

On remand, the district court entered a written order denying Guerra's Rule 60(b) motion. Citing our decision in *United States v. Mosavi*, 138 F.3d 1365 (11th Cir. 1998), the district court explained that Rule 60(b) was only applicable to civil actions and could not be used to challenge a criminal forfeiture order. Guerra now

4

appeals that order.

II.

We review *de novo* whether a district court has authority to modify a defendant's sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002). Guerra did not present her arguments regarding Rule 41(g) or the All Writs Act in the proceedings before the district court. Therefore, we are reviewing those arguments for plain error. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (noting that issues raised for the first time on appeal are reviewed for plain error). Under the plain error standard, the defendant must establish: "(1) error; (2) that is plain, and (3) that affects substantial rights." *Id.* (quotation omitted). If all three conditions are met, we have discretion to correct an error that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted).

We have explained that a defendant may not use Rule 60(b) to challenge a criminal forfeiture judgment. *Mosavi*, 138 F.3d at 1366. In *Mosavi*, the defendant filed a Rule 60(b) motion challenging a forfeiture order in his criminal case. We observed that the Federal Rules of Civil Procedure only applied to civil, not criminal, proceedings. *Id.* We concluded that "Rule 60(b) simply does not

5

provide for relief from judgment in a criminal case, and as such the defendant cannot challenge the criminal forfeitures at issue under Fed.R.Civ.P. 60(b)." *Id.*

Under Federal Rule of Criminal Procedure 41(g), an individual whose property has been seized by the government may file a motion for return of the property. Fed.R.Crim.P. 41(g). Rule 41(g) provides a mechanism by which an individual may recover property that the government has taken as evidence. We have explained that Rule 41(g) cannot be used to recover property that has been forfeited to the government in a civil forfeiture proceeding. *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999); *United States v. Watkins*, 120 F.3d 254, 255 (11th Cir. 1997); *see also Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007) (persuasive authority holding that a defendant cannot use Rule 41(g) to challenge a criminal forfeiture order).

The All Writs Act provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Supreme Court has explained that the All Writs Act is limited in scope: "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need

6

arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985).

In this case, the district court properly denied Guerra's Rule 60(b) motion. As we explained in *Mosavi*, a defendant may not use Rule 60(b) to challenge a judgment of forfeiture in a criminal case because Rule 60(b) only applies to civil proceedings. *See Mosavi*, 138 F.3d at 1366. Also, Rule 41(g) was not an appropriate form of relief in this case because that rule only permits the recovery of property that has been seized as evidence, not property that has been forfeited to the government. *See Eubanks*, 169 F.3d at 674; *Watkins*, 120 F.3d at 255; *Young*, 489 F.3d at 315.

In addition, the All Writs Act did not give the district court authority to modify the forfeiture order. As the Supreme Court has explained, the All Writs Act does not apply if there is a more specific statutory provision on point. *See Pa. Bureau of Corr.*, 474 U.S. at 43, 106 S.Ct. at 361. Here, 18 U.S.C. § 3742(a) provides that a defendant may appeal his sentence to a court of appeals. Guerra was required to follow that procedure to challenge the forfeiture order, rather than seeking relief under the All Writs Act. Because the district court did not have the

authority to modify Guerra's sentences, we need not address her argument that the forfeiture order violates the Excessive Fines Clause of the Eighth Amendment.

Accordingly, after review of the record and the parties' briefs, we affirm.

**AFFIRMED.**