[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11572
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00066-JES-DNF-2


UNITED STATES OF AMERICA,

                                                      Plaintiff-Appellee,

versus

BARRY FRANZ VERDIEU,

                                                      Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 4, 2017)

Before WILSON, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Barry Verdieu, proceeding pro se, appeals the district court's denial of his motion for return of property under Federal Rule of Criminal Procedure 41(g). After careful review, we affirm.

## I.

In June 2011, Verdieu and another man attempted to purchase 3,000 oxycodone pills for $10,500.  United States v. Verdieu, 520 F. App'x 865, 865–66 (11th Cir. 2013) (unpublished) (per curiam).  A jury found Verdieu guilty of one count of conspiracy to possess oxycodone with the intent to distribute, in violation of 21 U.S.C. § 846, and one count of carrying a firearm in relation to, or possessing a firearm in furtherance of, a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2.  Id. at 866.  Verdieu appealed only his conviction on the firearms charge, but this Court affirmed.  Id. at 868.

Nearly four years after Verdieu's unsuccessful appeal, he filed a motion for return of property taken from him on the day of his arrest, pursuant to Rule 41(g). He alleged that the property "ha[d] not been the subject of a criminal or civil forfeiture proceeding," and the government's continued possession of it was thus unlawful.  He requested the district court "exercise[] its equitable jurisdiction and make an evidentiary inquiry to . . . determine what happened to the property, and to craft an appropriate remedy."  In a supporting affidavit, Verdieu identified the $10,500 as the particular property of interest.

2

The government's response answered Verdieu's question about what had happened to his money: On October 20, 2011, the Drug Enforcement Administration ("DEA") administratively forfeited the money pursuant to 19 U.S.C. § 1609. Specifically, the attached "Declaration of Forfeiture" stated the money had been seized pursuant to 21 U.S.C. § 881 on the day of Verdieu's arrest. It also stated "[n]otice of the seizure ha[d] been sent to all known parties who may have a legal or possessory interest in the property" and "ha[d] been published" in accordance with the requirements of 19 U.S.C. § 1607.[1] When no claims were filed within thirty days of the last publication, the DEA declared the money forfeited to the United States under § 1609. The government's response also stated that, to challenge the forfeiture, Verdieu needed to file a motion under 18 U.S.C. § 983(e).

The district court denied Verdieu's motion, concluding the administrative forfeiture by the DEA rendered the court without "jurisdiction to provide the relief requested." Verdieu timely appealed. He argues the district court erred because he did not consent to any administrative forfeiture during his criminal proceedings and the court had the authority to entertain his Rule 41(g) motion. He also argues he did not receive a copy of the government's response to his Rule 41(g) motion and thus "was prejudiced in being able to object, provide affidavit testimony,

---

[1] The Declaration identified the owner of the $10,500 as Verdieu's co-defendant, but stated the money had been seized from Verdieu.

3

expand the record, or in any manner challenge the Government's assertions."

Finally, he contends that under Honeycutt v. United States, ___ U.S. ___, 137 S.

Ct. 1626 (2017), any criminal forfeiture of the money was improper for lack of

"proper consideration given to the income source for the acquisition of the

property."

## II.

On appeal from the denial of a Rule 41(g) motion, we review questions of

law de novo and factual findings for clear error. United States v. Howell, 425 F.3d

971, 973 (11th Cir. 2005). "[A] district court's determination that it lacks the

authority to exercise equitable jurisdiction" is reviewed de novo. United States v.

Martinez, 241 F.3d 1329, 1330 (11th Cir. 2001).[2] However, the "equitable

equation" of the district court's decision to deny a Rule 41(g) motion is reviewed

for abuse of discretion. United States v. Machado, 465 F.3d 1301, 1307 (11th Cir.

2006), abrogated on other grounds as recognized in United States v. Lopez, 562

F.3d 1309, 1311–13 (11th Cir. 2009).

A person aggrieved by an unlawful search and seizure of property may move

for its return. Fed. R. Crim. P. 41(g). Rule 41(g) motions are unavailable when

property is seized pursuant to civil forfeiture instead of for use as evidence. United

States v. Watkins, 120 F.3d 254, 255 (11th Cir. 1997) (per curiam).

---

[2] Martinez and other pre-2002 cases cited here addressed Rule 41(e), which was reclassified as Rule 41(g) in 2002 with no substantive changes. See Howell, 425 F.3d at 976 n.3.

Additionally, Rule 41(g) motions filed after the close of all criminal proceedings are treated as civil actions in equity.  Howell, 425 F.3d at 974.  Courts have limited equitable jurisdiction to review agency forfeiture decisions.  United States v. Eubanks, 169 F.3d 672, 674 (11th Cir. 1999) (per curiam).   Specifically, "review is limited to determining whether the agency followed the proper procedural safeguards" and cannot extend to the merits of the administrative forfeiture.  See Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005) (quotation omitted).  Equitable jurisdiction also "does not lie where the claimant has an adequate remedy at law."  Watkins, 120 F.3d at 256.  Where equitable jurisdiction does exist, it "must be exercised with caution and restraint" and "is appropriate only when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice."  Eubanks, 169 F.3d at 674.

### III.

The district court did not err by denying Verdieu's Rule 41(g) motion.  The $10,500 was administratively forfeited by the DEA and not retained for use as evidence.  Rule 41(g) therefore was not an appropriate vehicle for its return.  See Watkins, 120 F.3d at 255 (determining Rule 41(g) motion was unavailable when money was administratively forfeited by the DEA).

5

The court was also without equitable jurisdiction because Verdieu had an adequate remedy at law.  See id. at 256.  Specifically, he could file a motion to set aside the forfeiture under 18 U.S.C. § 983(e).  See Mesa Valderrama, 417 F.3d at 1196 ("Section 983(e) is the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." (quotation omitted)).  We recognize that Verdieu challenged the government's retention of the money as unlawful because he believed there had not been any forfeiture proceeding.  This could indicate he did not receive notice of the administrative forfeiture.  However, he did not allege this or any other DEA failure to follow proper procedural safeguards.  See id.

Verdieu's contention that he never received the government's response to his Rule 41(g) motion does not give the district court jurisdiction.  And in any event, under the local rules of the district court, he was not entitled to file a reply.  See M.D. Fla. R. 3.01(c).  Finally, Honeycutt does not provide relief to Verdieu as it concerned criminal, not administrative, forfeiture.  See Honeycutt, 137 S. Ct. at 1631 ("The statute at issue here—[21 U.S.C.] § 853—mandates forfeiture with respect to persons convicted of certain serious drug crimes.").

**AFFIRMED.**