[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10693

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDRES FERNANDO CABEZAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cr-00148-PGB-LHP-1

_____

_____

No. 22-11566

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDRES FERNANDO CABEZAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cr-00148-PGB-LHP-1

_____

Before WILSON, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Andres Cabezas appeals the district court's orders denying his motions (1) to modify his payment schedule, (2) for return of property, and (3) to supplement his motion for return of property.

The facts are known to the parties, and we repeat them here only as necessary to decide the issues before us.

On appeal, Cabezas argues that the district court abused its discretion by denying his motion to modify his payment schedule under 18 U.S.C. § 3572. The government filed a motion to dismiss Cabezas's appeal of the order denying his § 3572 motion, which we carried with the case. Cabezas also argues that the district court erred in denying his motion for return of property and a separate motion to supplement the return motion when it determined that his iPhone had been forfeited in its entirety. In particular, Cabezas contends (1) that the district court failed to conduct de novo review of his timely filed objections to the magistrate judge's order, (2) that prior orders denying his motion were entered without jurisdiction, and (3) that the electronically stored information ("ESI") on his iPhone was not forfeited. Finally, Cabezas asserts that the matter should be reassigned to a different judge on remand to preserve the appearance of justice.[1]

## I

"We review *de novo* questions of our jurisdiction." *Nationwide Mut. Ins. Co. v. Barrow*, 29 F.4th 1299, 1301 (11th Cir. 2022)

---

[1] Cabezas separately argues in his reply brief that his iPhone never contained any child pornography. Generally, issues not raised in an initial brief are considered abandoned and will not be addressed absent extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc). We find no extraordinary circumstances in this case, so we will not consider this new argument.

(quotation marks and citation omitted). "If jurisdiction might be lacking, we are obliged to *sua sponte* assure ourselves of our own jurisdiction." *Id.* Because mootness is jurisdictional, *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001), we review questions of mootness de novo. *National Advert. Co. v. City of Miami*, 402 F.3d 1329, 1331 (11th Cir. 2005).

"[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Al Najjar*, 273 F.3d at 1336 (11th Cir. 2001) (quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* "The burden of establishing mootness rests with the party seeking dismissal." *Beta Upsilon Chi Upsilon Chapter at the Univ. of Fla. v. Machen*, 586 F.3d 908, 916 (11th Cir. 2009). When a motion raises a fundamental jurisdictional issue such as mootness, the court is obliged to consider the merits of the mootness argument. *See Fla. Ass'n Rehab. Facilities, Inc. v. State Fla. Dept of Health and Rehab. Servs.*, 225 F.3d 1208, 1218 (11th Cir. 2000).

Here, Cabezas and the government agree that the debt for which he sought to modify his payment schedule has been satisfied. Accordingly, the issue is now moot, and we grant the government's motion to dismiss Cabezas's appeal as to the § 3572 issue.

## II

### A

We review appellate jurisdictional issues sua sponte and de novo. *In re Walker*, 515 F.3d 1204, 1210 (11th Cir. 2008). Appellate jurisdiction is generally limited to "final decisions of the district courts." 28 U.S.C. § 1291. Under the Federal Magistrates Act, a federal magistrate judge can be assigned to hear and determine nondispositive pretrial matters, subject to reconsideration by the district court on the ground that the magistrate judge's order is clearly erroneous or contrary to law, and to conduct hearings and issue recommendations as to eight dispositive pretrial motions, subject to the district court's de novo review. *See* 28 U.S.C. § 636(b)(1)(A)–(B); *see also* Fed. R. Civ. P. 72(a)–(b); *Gomez v. United States*, 490 U.S. 858, 867–69 (1989).

Except for in civil matters where the parties have consented to a magistrate judge conducting all proceedings and entering a final judgment, the district court reviews the magistrate judge's recommendations and may accept, reject, or modify them. *See* 28 U.S.C. § 636(b)(1), (c)(1). When a magistrate judge is proceeding under the supervision of a district court pursuant to 28 U.S.C. § 636(b), her actions "are not final orders and may not be appealed until rendered final by a district court." *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066–67 (11th Cir. 1982). We lack jurisdiction to hear appeals directly from magistrate judges, as an appeal from a magistrate judge's ruling must first be taken to the district court, even as to nondispositive decisions. *See United States v. Schultz*,

565 F.3d 1353, 1359, 1362 (11th Cir. 2009).  Moreover, subsequent adoption of a magistrate judge's order by the district court does not cure a premature notice of appeal.  *See Perez-Priego v. Alachua Cnty. Clerk of Ct.*, 148 F.3d 1272, 1273 (11th Cir. 1998).

Here, we have appellate jurisdiction because the district court effectively ruled on Cabezas's timely objections to the magistrate judge's order denying his motion for return of property when it denied his motion to supplement.  The district court said in its order that "[e]ven if [Cabezas] had sought reconsideration of the Magistrate Judge's Order, the motion would be denied as frivolous for the reasons stated herein," and that the "iPhone *in its entirety* was forfeited."  This language addressing the merits of Cabezas's argument effectively adopted the magistrate judge's recommendation, making the order final and appealable.  *See Schultz*, 565 F.3d at 1359.

## B

A district court's subject matter jurisdiction is a question of law that we review de novo.  *Mesa Valderrama v. United States*, 417 F.3d 1189, 1194 (11th Cir. 2005).

Cabezas argues that the district court's prior orders under Federal Rule of Criminal Procedure Rule 41(g) were entered without jurisdiction and were meaningless.  Cabezas is correct that we dismissed his appeals of prior Rule 41(g) orders for lack of jurisdiction, and that we didn't resolve the question whether the district court lacked jurisdiction to enter the order before we issued our mandate in his direct appeal.

Those facts are irrelevant, however, to our determination of this issue on appeal.  We issued the mandate in Cabezas's appeal of his conviction and sentence on June 17, 2020.  Subsequently, Cabezas submitted a new Rule 41(g) motion on August 28, 2020, and a motion to supplement on April 2, 2022.  These motions—submitted after the mandate issued from his appeal—are the motions being appealed as they served as the bases for the magistrate judge's and the district court's independent findings.  The district court had subject matter jurisdiction to resolve these motions.

## C

We review a district court's denial of a motion for return of seized property under Rule 41(g) for an abuse of discretion.  *United States v. De La Mata*, 535 F.3d 1267, 1279 (11th Cir. 2008).  Further, in considering a Rule 41(g) motion, we review questions of law de novo and factual findings for clear error.  *United States v. Howell*, 425 F.3d 971, 973 (11th Cir. 2005).  A factual finding is clearly erroneous where the reviewing court, having assessed the entirety of the evidence, is "left with the definite and firm conviction that a mistake has been committed."  *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007) (quotation marks omitted).  Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.  *United States v. Wilson*, 788 F.3d 1298, 1317 (11th Cir. 2015).

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Fed. R. Crim. P. 41(g).  A

Rule 41(g) motion must be filed in the district where the property was seized, and "[t]he court must receive evidence on any factual issue necessary to decide the motion." *Id.* When the owner of property files a Rule 41(g) motion after the close of criminal proceedings, the motion is treated as a civil action in equity. *Howell*, 425 F.3d at 974. To obtain relief, the property owner must show both that "he had a possessory interest in the property seized by the government" and that he has "clean hands" regarding the property. *Id.*

We explained, however, in discussing Rule 41(g)'s predecessor, the former Rule 41(e), that "[w]hen property is retained pursuant to civil forfeiture, instead of for use as evidence, a Rule 41(e) motion is not available." *United States v. Watkins*, 120 F.3d 254, 255 (11th Cir. 1997). "When the government, in its written response to a Rule 41(e) motion, admits its position is that, by forfeiture, the movant has already permanently lost his right to the pertinent property, the government's judicial admission is enough to deprive the court of the authority to grant the Rule 41(e) motion." *Id.* "[T]he issue for adjudication then becomes whether the government has acted wrongfully in taking the property." *Id.* at 256.

Here, the district court did not clearly err in finding that Cabezas's iPhone was forfeited in its entirety, including the ESI on the phone. As the magistrate judge explained, Cabezas's iPhone was forfeited pursuant to his plea agreement, the judgment incorporated the plea agreement, and the final judgment of forfeiture stated that the iPhone was forfeited to the United States. The

forfeiture documents identified the iPhone as the item forfeited, and it is a permissible conclusion based on this evidence that the ESI was included.  Cabezas has not cited any caselaw that shows that the ESI on the iPhone was required to be specified on the forfeiture documents in order to be included along with the iPhone itself, especially given that Cabezas admitted to using the iPhone to view child pornography, as that evidence would be ESI stored on the iPhone.

Because the district court chose one of two permissible views of the evidence, it committed no clear error in concluding that the iPhone in its entirety—including the ESI—was forfeited. *See Wilson*, 788 F.3d at 1317.  And because the ESI was forfeited, a Rule 41(g) motion was not available to Cabezas as a remedy, and the district court did not abuse its discretion in denying his motion for return of property.  *See Watkins*, 120 F.3d at 255.  Accordingly, we affirm the district court on this issue.

### III

District courts enjoy broad discretion in deciding how best to manage the cases before them, and we review such decisions for an abuse of discretion.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–67 (11th Cir. 1997).  Where we find no error in an appeal, an appellant's request for reassignment to a different district court judge on remand is moot.  *See Druid Hills Civic Ass'n, Inc. v. Federal Highway Admin.*, 833 F.2d 1545, 1551 (11th Cir. 1987).

Here, the district court didn't abuse its discretion when it denied Cabezas's motion to supplement his Rule 41(g) motion with

evidence that the government had attempted to return his iPhone to him.  The district court correctly concluded that even if all Cabezas's assertions were true, it would not affect the outcome of his Rule 41(g) motion because none of his new assertions changed the fact that the iPhone was forfeited in its entirety, which was determinative of the Rule 41(g) motion.

Additionally, because we find no reversible error in the district court's handling of the case, Cabezas's request for reassignment to a different district court judge on remand is moot.  *See Druid Hills*, 833 F.2d at 1551.  Thus, we affirm as to this issue.

**DISMISSED IN PART, AFFIRMED IN PART.**