CONTINENTAL TECHNICAL SERVICES, INC., Plaintiff–Appellant,

v.

ROCKWELL INTERNATIONAL CORPORATION, Defendant–Appellee.

No. 90–8541

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 2, 1991.

---

Alan Ian Begner, Atlanta, Ga., for plaintiff-appellant.

James A. Orr, Susan A. Royer, Paul Hastings Janofsky & Walker, Atlanta, Ga., for defendant-appellee.

Before CLARK, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

The district court properly applied Georgia law to conclude that the agreement at issue here was, as a matter of law, an unenforceable contract. *See Billings Cottonseed, Inc. v. Albany Oil Mill, Inc.*, 173 Ga.App. 825, 328 S.E.2d 426 (1985).

■ Appellant suggests here, as it did below, that California (rather than Georgia) law should be applied. But appellant cites no California law and makes no argument based on California law. Although federal courts take judicial notice of the laws of every state in the Union, *see Lamar v. Micou*, 114 U.S. 218, 223, 5 S.Ct. 857, 859, 29 L.Ed. 94 (1885), this simply means that one relying upon the law of a foreign state need not formally plead or prove it, *Prudential Ins. Co. of Am. v. Carlson*, 126 F.2d 607 (10th Cir.1942). That federal courts can take notice of state law does not mean that a party relying upon such law need not cite it to the court or present argument based upon it; nor does having the power to take notice of state law mean that federal courts must scour the law of a foreign state for possible arguments a claimant—particularly a claimant with counsel—might have made. And we decline to do so.

■ An argument not made is waived, whether based on federal law, the law of the forum state, or the law of a foreign state. *See Pruitt v. P.P.G. Industry, Inc.*, 895 F.2d 734 (11th Cir.1990) (appellants waived argument that state rather than federal summary judgment standard should apply by failing to raise argument below, particularly where they failed to show different result would have been obtained). Appellant's simple contention that California law controls does not present an argument based on California law. *See Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir.1987) (issue raised perfunctorily without citation to authority constitutes waiver of issue); Fed.R.App.P. 28(a)(4) ("The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."). Any such argument appellant may have had, therefore, is waived.*

The district court's grant of defendant-appellee's motion for summary judgment is therefore AFFIRMED.

---

* Because we conclude appellant waived any argument based on California law it may have had, we do not address the district court's determination that the choice-of-law provision in the agreement should not be enforced due to a lack of substantial relationship between California and the parties or the transaction or both. *See Ryder Truck Lines, Inc. v. Goren Equipment Co.*, 576 F.Supp. 1348, 1354 (N.D.Ga.1983).