[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14123

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 1, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-02673-CV-RWS-1

JEFFERY HALL,

Plaintiff-Appellant,

versus

GREAT-WEST HEALTHCARE,
GREAT-WEST LIFE & ANNUITY
INSURANCE CO.,

Defendants-Appellees,

KRISTI HOLT,
SHARON HAZELTON

Defendants.

_____

No. 07-14124

_____

D. C. Docket No. 05-02675-CV-RWS-1

LISA WILLIAMS,

Plaintiff-Appellant,

versus

GREAT-WEST HEALTHCARE,
GREAT-WEST LIFE & ANNUITY
INSURANCE CO.,

Defendants-Appellees,

PATTY NUZZO,
KRISTI HOLT, et al.,

Defendants.

_____

No. 07-14125
Non-Argument Calendar

_____

D. C. Docket No. 05-02676-CV-RWS-1

SONYA RADINA BROWN,

Plaintiff-Appellant,

versus

GREAT-WEST HEALTHCARE,
GREAT-WEST LIFE & ANNUITY INSURANCE CO.,
KRISTI HOLT,
SHARON HAZELTON,

Defendants-Appellees.

2

_____

No. 07-14126
Non-Argument Calendar
_____

D. C. Docket No. 05-02677-CV-RWS-1

LATISHA FORBES,

Plaintiff-Appellant,

versus

GREAT-WEST HEALTHCARE,
GREAT-WEST LIFE & ANNUITY INSURANCE CO.,

Defendants-Appellees,

KRISTI HOLT,
SHARON HAZELTON,

Defendants.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

**(May 1, 2008)**

Before EDMONDSON, Chief Judge, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Jeffery Hall, Lisa Williams, Sonya Brown, and Latisha Forbes, current and former employees of Great-West Healthcare, appeal summary judgments against their complaints of employment discrimination under federal law and negligent retention and supervision under Georgia law. The employees argue that the district court erred in its evidentiary rulings and made impermissible findings of fact, but the employees fail to explain why they are entitled to a reversal of the summary judgments. We affirm.

## I. BACKGROUND

A central component of the employees' allegations of discrimination against Great-West are paper copies of emails that contained racially derogatory language allegedly sent by Sharon Hazelton, a manager at Great-West, to Barbara VanVoris, an employee of Great-West. Brown discovered the paper copies on her office chair. Thomas Akin, a computer forensics expert hired by Great West, concluded that electronic versions of the paper copies were not sent or received over the Great-West computer network.

A magistrate judge ruled that the paper copies of the alleged emails were inadmissible because the paper copies were not authentic. The magistrate judge also rejected the employees' attempt to exclude the testimony and report of Akin. The magistrate judge recommended that the district court grant summary

judgments in favor of Great-West against each employee. The district court affirmed the evidentiary rulings and adopted the recommendations of the magistrate judge and entered summary judgments in favor of Great-West.

## II. STANDARD OF REVIEW

We review a summary judgment de novo. Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co., 508 F.3d 1337, 1341 (11th Cir. 2007). "We apply the same legal standards that bound the district court and view all facts and reasonable inferences in the light most favorable to the nonmoving party." Id.

## III. DISCUSSION

The employees raise two issues on appeal. First, the employees challenge the evidentiary rulings of the district court. Second, the employees contend that the district court made impermissible factual findings. As to each issue, we are left to wonder whether Great-West was entitled to summary judgment in its favor.

The employees contend that the district court erroneously excluded evidence, erroneously permitted expert evidence, and failed to apply the doctrine of spoilation. The employees argue that there was sufficient evidence to authenticate the paper copies of the emails. The employees contend that the report and testimony of Akin should have been excluded from the evidentiary record because Akin was not qualified to provide an expert opinion and his opinion relied

5

on insufficient data. The employees suggest that the copies of the emails are entitled to a presumption of authenticity because of the spoilation doctrine.

The problem with the employees' arguments about these evidentiary rulings is that the employees never explain why these alleged errors by the district court matter. The employees fail to explain whether the resolution of these evidentiary rulings in their favor would create genuine issues of material fact or otherwise preclude the summary judgments in favor of Great-West. Because "[a]n argument not made is waived," Cont'l Technical Servs. v. Rockwell Int'l Corp., 927 F.2d 1198, 1199 (11th Cir. 1991), the employees have waived any argument that the evidentiary rulings precluded the summary judgments in favor of Great-West.

The employees' other bare objection is that the district court "drew inferences and conclusions of fact against, rather than in favor of," the employees. The Federal Rules of Appellate Procedure require briefs of appellants to include "citations to the authorities and parts of the record on which the appellant relies," Fed. R. App. P. 28(a)(9)(A), but the employees did not describe a single inference or finding of fact made by the district court. Instead, the employees direct this Court to arguments contained in 81 pages of four separate filings in the district court. These arguments only incorporated by reference are waived. Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A., 377 F.3d 1164, 1167 n.4 (11th Cir.

6

2004).  We reject the employees attempt to "bypass the rules governing space limitations and transfer [their] duty to make arguments to the judges of this panel."  Id.  The employees have waived any argument that the district court made impermissible factual findings or inferences.  Cont'l Technical Servs., 927 F.2d at 1199.

## IV. CONCLUSION

We **AFFIRM** the summary judgments in favor of Great-West.