[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13361
Non-Argument Calendar

_____

D. C. Docket No. 03-03056-CV-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

$1,185,135.00 IN UNITED STATES CURRENCY,

Defendant,

JOSE DE JESUS FRANCO CAZAREZ,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 17, 2008)

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose De Jesus Franco Cazarez ("Cazarez") appeals the district court's grant of summary judgment in the government's civil forfeiture action. The government filed the civil forfeiture complaint under 21 U.S.C. § 881(a)(6) in connection with $1,185,135 seized during a traffic stop involving a car driven by Cazarez. Cazarez filed a verified claim that a "portion" of the funds belonged to him and the remainder was in his lawful possession for another person. Cazarez also moved to suppress or exclude the currency from the proceedings on the ground that the stop and seizure were illegal.

The government moved for summary judgment, asserting that Cazarez lacked standing to contest the forfeiture because he had disclaimed any ownership of or interest in the money. In response to the motion to suppress, the government reiterated that Cazarez lacked standing, but asserted that the traffic stop was lawful.

The district court granted the government's summary judgment motion and denied Cazarez's motion to suppress. According to the district court, Cazarez failed to establish standing to challenge the forfeiture proceeding, as he did not show his ownership interest in the currency. The court noted that Cazarez had signed the disclaimer and waiver. The court also concluded that Cazarez lacked standing to challenge the stop and seizure. This appeal followed.

We review a district court's grant of summary judgment de novo, viewing

2

the evidence in the light most favorable to the party opposing the motion. Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). Standing "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (quotation omitted and footnote added). As with all jurisdictional issues, we review the issue de novo. Id.

Cazarez argues that the stop and detention were illegal. Although the Fourth Amendment exclusionary rule applies in civil forfeiture proceedings, One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 702 (1965), Cazarez must first establish standing in order to raise the suppression claim. See United States v. $38,000 Dollars in U.S. Currency, 816 F.2d1538, 1543 (11th Cir. 1987); see also United States v. $321,470, United States Currency, 874 F.2d 298, 303 (5th Cir. 1989) (explaining, in a civil forfeiture case, that standing is a threshold issue that must be addressed before the court can consider the merits of a motion to suppress).

Here, in a single paragraph in his summary of the argument, with no argument or citation to case law, Cazarez states that the court erred by overlooking his standing to challenge the search of the car. He does not, however, offer any argument contesting the court's finding that he lacked standing to challenge the

3

forfeiture because he failed to establish an ownership interest in the money. Because Cazarez fails to offer any argument concerning the district court's conclusion that he lacked standing, and his brief reference to the issue without argument or supporting case law is insufficient, we AFFIRM the district court. See Farrow v. West, 320 F.3d 1235, 1242 n.10 (11th Cir. 2003) (concluding that the issue was waived where the appellant made only a passing reference to the issue and made no arguments on the merits as to that issue); see also Fed. R. App. P. 28(a)(9); Continental Tech. Servs., Inc., v. Rockwell Int'l Corp., 927 F.2d 1198, 1199 (11th Cir. 1991).