[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11044
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-60818-CV-AJ

JUDY COPELAND,
with help of room mate Carl Shell due to
Judy Copeland's mental retardation,

Plaintiff-Appellant,

CARL SHELL,
a friend,

Plaintiff,

versus

HOUSING AUTHORITY OF HOLLYWOOD,
Tim Schwartz,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 28, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Judy Copeland appeals the district court's orders denying her (1) Fed.R.Civ.P. 60(b)(4) motion seeking relief from the judgment in her 42 U.S.C. § 1983 action to recover terminated housing benefits and (2) the denial of her motion for rehearing. The district court originally granted summary judgment for the Hollywood Housing Authority and Tim Schwartz on the ground that Copeland's claim was barred by res judicata because Copeland had litigated the same cause of action in two earlier state court proceedings.

Copeland contends that the district court abused its discretion in denying her Rule 60(b)(4) motion, and in denying her motion for rehearing of that ruling, because the district court's judgment was void. Her opening brief does not explain why it was void, except to say, without further explanation, that the court erred.

Failure to develop a legal argument in the opening brief waives our review. Continental Tech. Serv., Inc. v. Rockwell Intern. Corp., 927 F.2d 1198, 1199 (11th Cir. 1991). As we have explained:

> Courts do and should show a leniency to pro se litigants not enjoyed
> by those with the benefit of a legal education. Yet even in the case of
> pro se litigants this leniency does not give a court license to serve as
> de facto counsel for a party or to rewrite an otherwise deficient

pleading in order to sustain an action.

GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).  While Copeland's reply does offer some arguments about why the district court erred in ruling against her, a party may not raise arguments for the first time in a reply brief.  Egidi v. Mukamai, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in a reply brief are deemed waived."); United States v. Dicter, 198 F.3d 1284, 1289 (11th Cir.  1999) (holding that an issue raised for the first time in a reply brief was waived).

Because Copeland has failed to put forward any non-waived argument that the district court erred in denying her Rule 60(b)(4) motion and in denying her motion for rehearing from that denial, we affirm the judgment of the district court.

**AFFIRMED.**