[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12066
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00259-MP-GRJ


DARLENE P. BAYLOR,

Plaintiff-Appellee,


versus


MARY KATHERINE DAY-PETRANO,
DAVID FRANK PETRANO,
Individuals, unknown tenant I, unknown tenant II,
and other unknown persons or unknown spouses
claiming by, through and under any of the above
named defendants,

Defendants-Appellants.



_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 29, 2014)

Before ED CARNES, Chief Judge, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Plaintiff Darlene Baylor brought an action in Florida state court to foreclose on a mortgage she held on property owned by defendants Mary Katherine Day-Petrano and David Frank Petrano. The Petranos, proceeding pro se, removed the case to federal district court. They argued in the district court that the foreclosure action arose under federal law because the mortgage in question had to comply with the federal Real Estate Settlement Procedures Act,[1] because the Americans with Disabilities Act governed the conveyance of the land to the Petranos' "Special Needs Trusts," and because the property was subject to a railroad easement. The district court determined that those arguments were meritless and that it lacked subject matter jurisdiction. It remanded the case to state court. The Petranos filed a motion for reconsideration, arguing in part that removal was proper under 28 U.S.C. § 1443, and the district court denied that motion. This is the Petranos' appeal of the remand order.[2]

---

[1] 12 U.S.C. § 2601 et seq.

[2] On June 8, 2013, we dismissed the Petranos' appeal in part for lack of jurisdiction, and allowed it to proceed only to the extent that it challenged the district court's implicit determination that removal under 28 U.S.C. § 1443 was improper. On August 9, 2013, we denied their motion to proceed in forma pauperis on the ground that the appeal lacked legal and factual merit and was therefore frivolous. We granted the Petranos two extensions of time to file their brief, and then on January 24, 2014, we dismissed the appeal for want of prosecution because the Petranos had failed to file a brief within that twice-extended time. On May 22, 2014, we granted the Petranos' motion to reinstate the appeal. Ms. Baylor did not file a brief.

2

The Petranos argue that bringing a state-court action constituted a denial of Day-Petrano's race-based civil rights, making removal proper under 28 U.S.C. § 1443. To make their argument, they rely on what may be charitably described as fanciful racial theories. They claim that autism "is a Jewish race-based disability" and that being autistic means a person is "a Native American Indian of the Jewish red hair, blue eye race." On that basis, they argue, Baylor's state-court suit violated Day-Petrano's "Autistic Jew Native American aboriginal rights" as conferred by the Nonintercourse Act, 25 U.S.C. § 177. They contend that they have satisfied the two-part test for removal under 28 U.S.C. § 1443(1) because 42 U.S.C. § 1981 qualifies as a law providing specific civil rights stated in terms of racial equality, and the Supreme Court has held that Jews and Native Americans are both "race[s]."

We review de novo whether a district court has removal jurisdiction. Henson v. Ciba-Geigy Corp., 261 F.3d 1065, 1068 (11th Cir. 2001). Because Mr. Petrano was an attorney licensed to practice law in Florida at the time the Petranos filed their brief, we do not give the brief the liberal construction we would otherwise grant to pro se litigants' papers. See Olivares v. Martin, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).[3]

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

3

Under § 1443(1), a defendant may remove to a federal district court a civil action initiated in state court if the action is "[a]gainst any person who is denied or cannot enforce" in state court "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. § 1443(1).  Defendants must show both that the right on which they rely "arises under a federal law providing for specific civil rights stated in terms of racial equality" and that they have been denied or cannot enforce that right in state court.  Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001).  To meet the requirements of the second prong, the denial of civil rights generally must be "manifest in a formal expression of state law."  Id. at 1296 (quotation omitted).  Under a narrow exception to this rule, "if the very act of bringing the state court proceedings will constitute a denial of the rights conferred by the federal statute," removal under § 1443(1) is proper, even where the action is premised upon a facially neutral state law.  Id.

The Petranos have not met either prong of that test.  First, their brief merely mentions that § 1981 is a "federal law providing for specific civil rights stated in terms of racial equality," and they point out that Jews and Native Americans are "race[s]."  But they offer no argument to connect § 1981 and the rights they claim

to be asserting under the Nonintercourse Act.[4]  Their bare statement that § 1981 is a statute of the right type is not an argument.  See Cont'l Tech. Servs., Inc. v. Rockwell Int'l Corp., 927 F.2d 1198, 1199 (11th Cir. 1991) (holding that appellant had waived a claim when it made a "simple contention that California law controls" without "present[ing] an argument based on California law"); Fed. R. App. P. 28(a)(4) ("The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on.") (emphasis added).

Second, the Petranos have not shown how a denial of their "specific civil rights stated in terms of racial equality" is "manifest in a formal expression of state law" or that the very act of bringing a foreclosure suit "will constitute a denial of the rights conferred by [a] federal statute."  See Conley, 245 F.3d at 1295–96 (quotation omitted); see also 28 U.S.C. § 1443(1).  In particular, their brief argument cites no binding legal authority supporting their assertion that autism is protected under federal laws addressing racial equality.  See Conley, 245 F.3d at 1295.  The Petranos make a conclusory argument that "the very act of bringing [Day-Petrano] to trial in the state court violates the Nonintercourse Act," because "on the FACTS of this case, [she] has aboriginal rights of title" to the land.  But

---

[4] We surmise that the Petranos may instead have meant to tie those rights to 42 U.S.C. § 1982, but regardless of whether the assertion of rights is under § 1981 or § 1982, it fails for lack of argument.

5

their brief makes no legally cognizable argument that Day-Petrano holds any such rights. To the extent we are able to discern a relevant argument in the Petranos' brief,[5] it is that Day-Petrano's purported Native American ancestry (specifically Melungeon, Lumbee, and Cherokee) gives her "aboriginal rights of title" over the land at issue. But the Petranos' own cited authorities say that land belonged to different tribes entirely — namely, the "Creek and Seminole" tribes. See United States v. Arredondo, 31 U.S. 691, 691–92 (1832). They further argue that Day-Petrano's autism, red hair, and blue eyes are evidence that she is a member of an unidentified "Native American Jewish" tribe. But they do not specify how that ancestry — even if we took it as proven — would entitle her to the land.

**AFFIRMED.**

---

[5] Indeed, even if this theory were convincing, it is abandoned. "Abandonment of a claim or issue can . . . occur when . . . passing references to it are made in the 'statement of the case' or 'summary of the argument.'" Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014). The Petranos' inheritance-based theory is scattered throughout their brief's statement of the case and statement of facts, and mentioned only in the most conclusory fashion possible ("on the FACTS of this case, [she] has aboriginal rights of title") in the argument section. See id.; Fed. R. App. P. 28(a)(4).