[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11832
Non-Argument Calendar
_____

Agency No. ARB - 2017-0080


T.J. JACOBS,

                                                                        Petitioner,

versus

U.S. DEPARTMENT OF LABOR,

                                                                        Respondent.


_____

Petition for Review of a Decision of the
Department of Labor
_____

(March 24, 2020)


Before WILLIAM PRYOR, LAGOA and BLACK, Circuit Judges.

PER CURIAM:

T.J. Jacobs, proceeding *pro se*, seeks review of the Administrative Review Board's (ARB) summary affirmance of the Administrative Law Judge's (ALJ) denial of his whistleblower complaint brought under the Surface Transportation Assistance Act (STAA), 49 U.S.C. § 31105(a).  After review,[1] we deny Jacobs' petition in part, and dismiss in part.

First, Jacobs contends the ARB erred in affirming the ALJ's finding that he voluntarily resigned from his employment with Liberty Logistics Inc. (Liberty). The STAA prohibits employers from retaliating against employees based on complaints or actions related to commercial motor vehicle safety.  *See* 49 U.S.C. § 31105(a).  The STAA protects an employee who refuses to operate a vehicle because the operation would violate a regulation, standard, or order of the United States related to commercial vehicle safety, health, or security.  *Id.*  If a party alleges a violation of that provision, he can file a complaint with the Secretary of Labor, who must issue a final order on the complaint.  *Id.* § 31105(b).  A complainant bears the burden of demonstrating that: (1) his action was a protected activity; (2) the company took an adverse employment action against him; and

---

[1] "In reviewing appeals arising from the STAA's whistleblower provision, we conform to the standard of review set forth in the Administrative Procedure Act."  *Koch Foods, Inc. v. Sec'y, U.S. Dep't of Labor*, 712 F.3d 476, 480 (11th Cir. 2013).  We will only overturn the ARB's findings if they are arbitrary, capricious, an abuse of discretion, or not in accordance with the law.  5 U.S.C. § 706(2)(A); *Stone & Webster Const., Inc. v. U.S. Dep't of Labor*, 684 F.3d 1127, 1132 (11th Cir. 2012).  We review the ARB's legal conclusions *de novo*.  *Stone & Webster Const., Inc.*, 684 F.3d at 1132.  Moreover, we will accept the ARB's factual findings unless they are unsupported by substantial evidence in the record.  5 U.S.C. § 706(2)(E).

(3) his protected activity was a contributing factor in the adverse action.  *Id.* (stating that the legal burdens in 49 U.S.C. § 42121(b) govern complaints under the STAA); 49 U.S.C. § 42121(b)(2)(B)(iii).  If the complainant is able to make such a showing by a preponderance of the evidence, the employer can avoid liability by showing, through clear and convincing evidence, that it would have taken the same action in absence of the alleged protected activity.  49 U.S.C. § 42121(b)(2)(B)(iv).

As an initial matter, Jacobs has abandoned his arguments regarding the ALJ's finding that he voluntarily resigned, because he fails to support his argument with anything beyond conclusory statements in his briefs.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating issues not briefed on appeal by a *pro se* litigant are deemed abandoned).  Moreover, Jacobs failed to ensure the record on appeal was complete because he failed to include a complete transcript of his hearing before the ALJ.  *See* Fed. R. App. P. 10(b)(2) (providing "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion").

However, regardless of those deficiencies, substantial evidence supports the ALJ's finding that Jacobs voluntarily resigned from his employment with Liberty. The ALJ stated the plain language of Jacobs' June 19 email where he rescinded all agreements with Liberty showed his intent to resign.  In his June 19 email, Jacobs

3

stated "any and all [a]greements . . . are hereby RESCINDED," and he requested he be paid for his services up to June 19. Moreover, Jacobs stated he would return his truck to Penske for a final inspection, and a meeting with Liberty would no longer be necessary. Thus, he had the choice to continue his discussions with Liberty about his grievances or terminate his employment. *See Hargray v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir. 1995) (stating a resignation is voluntary as long as the employee had a choice, even if the alternatives are unpleasant). Jacobs chose to voluntarily resign, which shows he was not constructively discharged or subject to a materially adverse employment action. *See id.* Accordingly, because Jacobs voluntarily resigned, we deny the petition as to this issue.

Second, he asserts the ARB erred in affirming the ALJ's finding his claims were not based on adverse employment actions covered by the STAA. Again, Jacobs has abandoned any arguments regarding the ALJ's findings that Liberty failed to pay him, ignored his emails, and his truck lease violated federal law because he fails to support his arguments with anything beyond conclusory statements in his briefs. *Timson*, 518 F.3d at 874. Additionally, Jacobs has abandoned any arguments about Liberty's failure to pay him a signing bonus because he raises that issue for the first time on appeal. *See Mahon v. U.S. Dep't of Agric.*, 485 F.3d 1247, 1254-55 (11th Cir. 2007) (explaining "a reviewing court

4

will not consider arguments that a party failed to raise in a timely fashion before an administrative agency").

Nevertheless, even if he had not abandoned his arguments, Jacobs cannot meet his burden to show that Liberty subjected him to a materially adverse action. *See* 49 U.S.C. § 31105(b). He did not offer evidence showing that Liberty failed to pay him for 3,081 miles of freight services or explain how such a failure would dissuade a reasonable worker from making or supporting a charge of discrimination. Further, the record was clear that Liberty replied to his emails, and he also failed to show how ignoring emails would equate to a materially adverse action. Lastly, although Jacobs repeatedly states that his truck lease violated federal law, he does not show how the lease violated federal law or how such a violation would be a materially adverse action that would dissuade him from making a whistleblower complaint. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (Title VII) (explaining that materially adverse actions are those that would dissuade a reasonable worker from making or supporting a charge of discrimination); *Crawford v. Carroll*, 529 F.3d 961, 973 (11th Cir. 2008) (stating for employer conduct to be actionable, it must have a materially adverse effect on the employee). Accordingly, we deny the petition as to this issue.

Lastly, Jacobs asserts that Liberty engaged in fraudulent conduct, and he suffered a violation of his due process rights. The Government responds that he failed to state a claim for fraud and a violation of his due process rights, and it argues that he waived his remaining arguments because he failed to raise them during his administrative proceedings.

Jacobs' remaining claims should be dismissed because the record, as it presently exists, shows he failed to state a claim showing that his due process rights were violated or Liberty engaged in criminal activity, and he waived his remaining arguments by not raising them below. *See Cont'l Tech. Serv., Inc. v. Rockwell Int'l. Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991) ("An argument not made is waived."). As to his due process claim, Jacobs fails to identify any of the three elements necessary to state a due process violation. *See Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (stating to allege a claim for denial of procedural due process, a plaintiff must show: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process"). Jacobs makes blanket assertions that his due process rights were violated throughout the administrative process, but he does not substantiate his claims or cite to relevant caselaw. Similarly, Jacobs alleges that Liberty engaged in a RICO scheme with nothing more than conclusory statements and generalized grievances about his employment with Liberty. *See*

Fla. Stat. § 772.103 (prohibiting an individual from using or investing proceeds from a criminal activity to establish an enterprise, acquiring interest in an enterprise through criminal activity, conducting an enterprise through criminal activity, or conspiring to do any of the preceding).

As to his remaining claims regarding the OSHA investigation, his evidentiary objections, and the appointment of ALJs, Jacobs failed to raise them before the ALJ and ARB. *See Mahon*, 485 F.3d at 1284-85. Thus, he has waived his arguments and cannot raise them before this Court for the first time on appeal. Accordingly, as to this claim, we deny the petition in part, and dismiss in part.

**PETITION DENIED IN PART AND DISMISSED IN PART.**