[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13519

Non-Argument Calendar

_____

TRACI BURGEN,

Plaintiff-Appellant,

*versus*

PINE ENTERPRISES LLC,
ROBERT CABRAL,
JEAN CABRAL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:21-cv-00829-JPB

————————————

Before LAGOA, BRASHER and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Traci Burgen, proceeding with counsel, appeals the district court's order granting summary judgment to the defendants, Pine Enterprises, LLC, Robert Cabral, and Jean Cabral, her previous employers (collectively referred to as "Pine"). Additionally, Burgen argues that the district court abused its discretion by denying her second motion to extend discovery. Burgen also challenges the district court's conclusion that she did not make out a *prima facie* case in support of her claim for retaliation under the Emergency Paid Sick Leave Act ("EPSLA") of the Families First Coronavirus Response Act, Pub. L. No. 116-127, §§ 5102(a)(2), 5104(1), 134 Stat. 178, 195-97 (2020), because she did not: (i) establish a causal connection between her protected activity of seeking paid leave under the EPSLA and her termination; and (ii) did not show that the proffered reason for her firing —— allegedly poor performance —— was pretextual.  Having read the parties' briefs and reviewed the record, we affirm the district court's orders.

## I.

We review a district court's denial of a motion to extend discovery for an abuse of discretion. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011).

Generally, a district court's discovery rulings will be overturned only if "it is shown that they resulted in substantial harm to the appellant's case." *Id.* at 1307 (quotation marks and alteration omitted); *see also Harrison v. Culliver*, 746 F.3d 1288, 1297 (11th Cir. 2014).

We review *de novo* a district court's grant of summary judgment. *Alvarez v. Royal Atl. Devs., Inc.,* 610 F.3d 1253, 1263 (11th Cir. 2010). "We will affirm if, after construing the evidence in the light most favorable to the non-moving party, we find that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Id.* at 1263-64. A fact is material when it might affect the outcome of the case under the relevant law. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1259 (11th Cir. 2004). Additionally, we may affirm the district court's judgment on any ground in the record. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

## II.

Burgen asserts on appeal that the district court abused its discretion by denying her second request to extend the discovery period. Pine contends that Burgen waived this issue by failing to articulate clearly her argument on appeal. Pursuant to Fed. R. Civ. P. 16(b), the district court must issue a scheduling order that limits the time to complete discovery. *See* Fed. R. Civ. P. 16(b)(3). As a result, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Additionally, when a party seeks to extend an expired deadline, the court may do

so for good cause if that party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). To establish good cause, a party must show that it could not meet the applicable deadlines despite due diligence. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Thus, we have routinely held that a district court's decision to hold litigants to the terms of its scheduling order is not an abuse of discretion. *Josendis*, 662 F.3d at 1307-08.

When an issue is raised without citation to authority, we consider the issue waived. *Continental Tech. Services, Inc. v. Rockwell Int'l Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991). Further, pursuant to the Rules of Appellate Procedure, an appellant's argument must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *See* Fed. R. App. P. 28(a)(8). Thus, arguments that are "briefed in the most cursory fashion . . . [are] waived." *Center v. Sec'y Dep't of Homeland Sec.*, 895 F.3d 1295, 1299 (11th Cir. 2018) (citing *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1297 n.3 (11th Cir. 2009)).

We conclude that Burgen has waived her claim that the district court abused its discretion by denying her second motion to extend discovery because she does not point to any authority upon which she relies, and she briefed the issue in only a cursory fashion. *See Continental Tech. Services, Inc.*, 927 F.2d at 1199; *Center*, 895 F.3d at 1299; *see also* Fed. R. App. P. 28(a)(8). Moreover, even if we were to deem the argument properly preserved, Burgen cannot show that the district court abused its discretion. Burgen did not

show good cause or exercise due diligence to support the requested extension, as she cancelled one scheduled deposition that she later asserted as a basis for extending the discovery period. *Sosa*, 133 F.3d at 1418. Nor can she demonstrate that substantial harm resulted from the denial of her motion, as she already had two chances to depose the individual she identified in the former motion. *Josendis*, 662 F.3d at 1306. Thus, based on the record, the district court did not abuse its discretion when it denied Burgen's second motion to extend discovery, and we affirm in this respect. *See Id.* at 1307 (stating that the decision to modify a final scheduling order is ultimately at the discretion of the court).

## III.

Burgen contends that the district court erred by granting summary judgment to Pine on her retaliation claim under the EPSLA because Pine terminated her the day she returned to work following her COVID-19 leave. Under the EPSLA, an employer who discharges an employee for seeking to exercise her rights thereunder is considered to have violated § 15(a)(3) of the Fair Labor Standards Act ("FLSA"). *See* 29 C.F.R. § 826.150(b)(2)(a). To establish a *prima facie* case of retaliation under the FLSA, the plaintiff must demonstrate that: (1) she engaged in a protected activity under the Act; (2) she subsequently suffered an adverse action by the employer; and (3) there was a causal connection between her activity and the adverse action. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000).

6                    Opinion of the Court                    22-13519

The plaintiff has the burden of proving causation by demonstrating that "the adverse action would not have been taken but for the assertion of FLSA rights," where the adverse action must occur after the assertion of FLSA rights.   *Id*. (internal quotation marks omitted).   Generally, close temporal proximity between the employee's protected conduct and the adverse action is sufficient circumstantial evidence to create a genuine issue of material fact of causal connection. *Patterson v. Georgia Pac., LLC*, 38 F.4th 1336, 1352 (11th Cir. 2022).   However, we have held that, in a retaliation case, "when an employer contemplates an adverse employment action *before an employee engages in protected activity*, temporal proximity between the protected activity and the subsequent adverse employment action does not suffice to show causation."   *Drago v. Jeune*, 453 F.3d 1301, 1308 (11th Cir. 2006) (emphasis added).

Under the burden-shifting model set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973), even if a plaintiff makes out *a prima facie* case, and the employer articulates a nondiscriminatory reason for the adverse action, the employee must still demonstrate that the employer's proffered reason was pretextual by presenting evidence sufficient to "permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision."   *Batson v. Salvation Army*, 897 F.3d 1320, 1329 (11th Cir. 2018).   "A reason is not pretext for retaliation unless it is shown both that the reason was false, and that retaliation was the real reason."   *Gogel v. Kia*

22-13519                Opinion of the Court                7

*Motors Mfg. of Ga.*, 967 F.3d 1121, 1136 (11th Cir. 2020) (internal quotation marks and alteration omitted).

To establish pretext, Burgen must show that the proffered reason, poor performance, was not the true reason for her termination. *See Jackson v. Ala. State Tenure Comm'n.*, 405 F.3d 1276, 1289 (11th Cir. 2005). A plaintiff's proof of pretext can include evidence of "weaknesses, implausibilities, incoherencies, or contradictions" in the employer's proffered legitimate reasons for its action that a worthy factfinder could find them unworthy of credence. *Brooks v. Cnty. Comm'n of Jefferson* Cnty., 446 F.3d 1160, 1163 (11th Cir. 2006). Additionally, a lack of evidence in support of speculation cannot establish pretext for retaliation. *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1314 (11th Cir. 2018).

The record demonstrates that the district court did not err in granting summary judgment to Pine on Burgen's claim for retaliation under the EPSLA. First, Burgen failed to show causation. While there was temporal proximity between her request for paid leave and her subsequent termination, the record reveals that Pine had decided to terminate Burgen before she requested paid COVID-19 leave. *Drago*, 453 F.3d at 1308. Although Pine did not provide written evidence of its decision to terminate Burgen before she requested COVID-19 leave, Burgen does not provide any authority for the proposition that a personnel discussion or decision that is not reduced to writing should not be believed. Thus, Burgen did not show that the adverse action would not have occurred but for her assertion of her EPSLA rights and

failed to establish a *prima facie* case for retaliation. *Wolf*, 200 F.3d at 1342-43.

Further, even if Burgen established a *prima facie* case, she failed to demonstrate pretext. Burgen did not provide evidence that disputed Pine's' nondiscriminatory reason for her termination — her poor performance. Instead, she speculated regarding the timing of the termination decision, and she pointed to how Pine did not memorialize in writing its concerns with her performance. Nevertheless, speculation and the absence of a writing cannot satisfy Burgen's burden to establish pretext on summary judgment. *See Hornsby-Culpepper*, 906 F.3d at 1314 (finding that the district court did not err in granting summary judgment on the plaintiff's retaliation claim where she offered only speculation and no evidence to support her claim). The record does not support a finding that Pine's reason for Burgen's termination, poor performance, was false. Burgen has failed to meet her burden to show that she was terminated solely because she requested COVID-19 leave. *Gogel*, 967 F.3d at 1136. Thus, the district court properly granted summary judgment to Pine.

Accordingly, for the aforementioned reasons, we affirm the district court's order denying Burgen's second request for extension of the discovery period, and its order granting summary judgment to Pine on Burgen's retaliation claim under the EPSLA.

**AFFIRMED.**